UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.H., a minor.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, officially as Commissioner of the Social Security Administration,<br><br>　　　　　　　　　Defendant. | Case No.: 24-CV-358 JLS (DDL)<br><br>**ORDER: (1) REQUIRING PLAINTIFF TO CLARIFY STATUS OF HER REPRESENTATIVE; (2) DENYING PLAINTIFF'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS*; **AND (3) REFERRING MATTER TO MAGISTRATE JUDGE FOR REPORT AND RECOMMENDATION**<br><br>(ECF Nos. 1, 2) |

　　　Presently before the Court is Plaintiff T.H.'s ("Plaintiff" or "T.H.") Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2).[1]  Having carefully considered Plaintiff's Complaint, Plaintiff's submissions, and the applicable law, the Court (1) **ORDERS** Plaintiff to clarify the status of her representative, (2) **DENIES** Plaintiff's IFP Application, and (3) **REFERS** this matter to the assigned magistrate judge.

---

[1] Plaintiff is represented by counsel.  *See generally* Docket.

The instant case involves an appeal from the Social Security Administration's denial of Plaintiff's application for Supplemental Security Income benefits. Compl. ¶ 1. Plaintiff is sixteen years old. *Id.* ¶ 13.

## I.     Plaintiff's Representative

"To maintain a suit in a federal court, a child or mental incompetent must be represented by a competent adult." *T.W. ex rel. Enk v. Brophy*, 124 F.3d 893, 895 (7th Cir. 1997). Federal Rule of Civil Procedure 17(c)(1) enumerates specific persons who may sue or defend on behalf of a minor, including a "general guardian," *i.e.*, a minor's custodial parent. *See J.F. v. San Diego Cnty. Unified Sch. Dist.*, No. 19-CV-2495-CAB-LL, 2020 WL 30435, at *1 (S.D. Cal. Jan. 2, 2020); *Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-CV-01145-GEB, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013). If a minor is not represented by one of these persons, a court must "appoint a guardian *ad litem*—or issue another appropriate order—to protect [the] minor." Fed. R. Civ. P. 17(c)(2). If, however, the minor is represented by their custodial parent, the Court need not act "unless a conflict of interest exists between the parent and minor." *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001); *Doe ex rel. Sisco*, 2013 WL 2666024, at *1.

An individual's capacity to sue is determined "by the law of the individual's domicile." *Andrade v. United States*, No. 19-CV-0930-BAS-WVG, 2019 WL 2289325, at *1 (S.D. Cal. May 29, 2019) (quoting Fed. R. Civ. P. 17(b)(1)). Here, Plaintiff is under the age of eighteen and is thus a minor under California law, the state where Plaintiff is domiciled. *See* Compl. ¶¶ 4, 13; Cal. Fam. Code § 6502. Thus, if Plaintiff is not represented by one of Rule 17(c)(1)'s enumerated representatives, the Court must consider appointing a guardian *ad litem* to protect Plaintiff's interests.

It is ambiguous whether T.H. is represented in this action. The Complaint's Civil Cover Sheet indicates, under its Plaintiffs heading, "Schmitz, Candy Sue for TH," which suggests that T.H. is represented. *See* ECF No. 1-1. Plaintiff's IFP Application similarly identifies the "Plaintiff/Petitioner" as "Candy Sue Schmitz for TH a minor." IFP Appl. at 1. And the same Application states that T.H. is Schmitz's child. *Id.* at 3. If indeed Schmitz

is (1) T.H.'s custodial parent and (2) representing T.H. in this action without a conflict of interest, this action can proceed under Rule 17(c)(1) without the appointment of a guardian *ad litem*. *See Doe ex rel. Sisco*, 2013 WL 2666024, at *1.

The Complaint itself, however, points in the opposite direction. The Complaint's caption lists only T.H. and Defendant Martin O'Malley, with no mention of Schmitz. Compl. at 1. The same is true respecting the Complaint's "Parties" section. *Id.* ¶¶ 4–5. Judging by the face of the Complaint, therefore, T.H. is unrepresented and cannot proceed in this action without an appointed guardian *ad litem* or other appropriate order.

As this action cannot proceed while the above ambiguity remains unresolved, the Court **ORDERS** Plaintiff to either (1) amend her Complaint to add Candy Sue Schmitz as T.H.'s representative or (2) file a motion to appoint Candy Sue Schmitz as guardian *ad litem* for T.H.[2]

## II.   IFP Application

All parties instituting a civil action, suit, or proceeding in the Southern District of California, other than a petition for writ of habeas corpus, must pay a filing fee of $405. *See Fees of the U.S. District Court*, United States District Court: Southern District of California, https://www.casd.uscourts.gov/_assets/pdf/courtinfo/Fees%20of%20the%20U.S.%20District%20Court%20(CASD).pdf (last visited Mar. 20, 2024). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), which reads as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of

---

[2] Plaintiff may pursue the first option if Schmitz qualifies as T.H.'s general guardian; any amended complaint should include sufficient factual allegations to demonstrate that Schmitz so qualifies. If Plaintiff elects the latter route, such a motion should be accompanied by a supporting declaration like that described in *Andrade*, 2019 WL 2289325, at *1.

>all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *rev'd on other grounds*, 506 U.S. 194 (1993).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981)).

Where a minor seeks leave to proceed IFP, courts consider the financial resources of the minor's parent or proposed guardian *ad litem* in addition to those of the minor. *See Elmer v. Comm'r of Soc. Sec.*, No. 1:22-CV-01045-SAB, 2022 WL 5237463, at *1 (E.D. Cal. Sept. 21, 2022), *report and recommendation adopted*, No. 1:22-CV-1045-AWI-SAB, 2022 WL 9452375 (E.D. Cal. Oct. 14, 2022). Appropriately, Plaintiff's IFP Application includes Schmitz's financial information. IFP Appl. at 1, 3.

Plaintiff's IFP Application indicates that Schmitz averaged $4,845 per month in gross income across the last twelve months and expects $5,423 in gross income this month. *Id.* at 1. Schmitz's monthly expenses total $3,822.53, including $224.53 in employer-provided insurance. *Id.* at 5. Lastly, Schmitz has $500 in a checking account, $2.00 in a savings account, and a 2023 vehicle worth $19,890.

///

Factoring in all of Schmitz's expenses, and taking the lower of Schmitz's income figures, Schmit's gross monthly income exceeds her monthly expenses by $1,022.47. In similar circumstances, courts have concluded that litigants possess sufficient income to pay the filing fee and still afford the necessities of life. *See Elmer*, 2022 WL 5237463, at *1 (denying IFP where the plaintiff reported an average of $4,800 per month in gross income across the previous twelve months); *Julieann P. v. Kijakazi*, No. 22-CV-1316-DDL, 2022 WL 6584374, at *1 (S.D. Cal. Sept. 23, 2022); *Gastelum v. M5 Dev LLC*, No. 21-CV-01255-BAS-AHG, 2021 WL 3438641, at *1 (S.D. Cal. July 21, 2021). Accordingly, the Court **DENIES** Plaintiff's IFP Application.

### III. Referral

Lastly, all matters arising in this Social Security appeal are referred to the Honorable David D. Leshner, United States Magistrate Judge, for Report and Recommendation pursuant to section 636(b)(1)(B) of title 28 of the United States Code and Local Rule 72.1.

### IV. Conclusion

For the above reasons, the Court **ORDER**S the following:

1. Plaintiff **SHALL** either (1) amend her Complaint to add Candy Sue Schmitz as T.H.'s representative or (2) file a motion to appoint Candy Sue Schmitz as guardian *ad litem* for T.H.
2. Plaintiff's IFP Application is **DENIED**. Plaintiff **SHALL PAY** the required filing fee.
3. All matters arising in this Social Security appeal are **REFERRED** to the Honorable David D. Leshner, United States Magistrate Judge, for Report and Recommendation.

/ / /
/ / /
/ / /
/ / /
/ / /

If Plaintiff fails to complete items one and two of the above within <u>thirty (30) days</u> of the date of this Order, the Court will dismiss this action without prejudice.

**IT IS SO ORDERED.**

Dated: March 20, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge